Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Eric Lechtzin (SBN 248958)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON LANE CHIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant. | Case No.: _____<br><br>***CLASS ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, ET SEQ.; VIOLATION OF THE WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699*** |

Sharon Lane Chin ("Plaintiff") on behalf of herself and a class of those similarly situated, by way of Complaint against Tesla, Inc. ("Tesla" or "Defendant") by and through her counsel alleges as follows:

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 USC § 2101-2109 (the "WARN Act") and the California Worker Adjustment and Retraining Notification Act, Cal. Lab. Code § 1400, et. seq.("the California WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated

persons against Defendant Tesla, their employer for WARN Act and California WARN Act purposes. This Action is also brought pursuant to the California Private Attorneys General Act ("PAGA") § 2699 for penalties arising from Defendant's violation of the Labor Code.

2. Plaintiff and the other similarly situated employees were employees of Defendant Tesla, Inc., pursuant to the WARN Act's single employer rule.

3. Plaintiff and other similarly situated employees of Defendant were terminated as part of, or as a result of a mass layoff and plant closings, under federal and California law (hereinafter, "Plant Closings"), ordered by the Defendant on or about April 14, 2024 and thereafter.

4. Defendant violated the WARN Act and the California WARN Act by failing to give Plaintiff and other similarly situated employees of the Defendant at least 60 days' advance written notice of termination, as required. As a consequence, Plaintiff and other similarly situated employees of Defendant are entitled under the WARN Act to recover from Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367(a) because they are so related to this action that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because it is registered to do business in this District and venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) since Defendant transacts business in the Northern District of California.

# THE PARTIES

7. Plaintiff Sharon Lane Chin, an adult resident and citizen of Alameda County, California, was employed by Tesla, Inc., a single employer under the WARN Act, and worked at the Tesla manufacturing plant in Dublin, California (the "Facility") as a Parts Advisor until her termination on or about April 19, 202 Pursuant to the California WARN Act, California Labor Code § 1400, et seq., "employee" is defined as any person employed for at least six months of the twelve months preceding the date on which notice is required. Plaintiff and other Class Members were employed by Defendants for at least six months of the twelve months preceding the date on which the notice referred to herein was required.

8. Defendant Tesla, Inc., a Delaware corporation, at all relevant times maintained a manufacturing facility at Dublin, California.

# SUBSTANTIVE ALLEGATIONS

9. Until their termination by Defendant, the Plaintiff and other similarly situated persons were employees of Defendant who worked at or reported to the Facility and who were terminated as part of or as a reasonably foreseeable result of mass layoffs ordered and carried out by Defendant on or about April 14, 2024, and thereafter.

10. Upon information and belief, Defendant, as a single employer, owned and operated the Facility at all times relevant to this action.

11. On or about April 14, 2024, and thereafter, Defendant, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of more than 10% of its employees who worked at or reported to the Facility as part of plant closings for which they were entitled to receive 60 days advance written notice.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, ET SEQ.; VIOLATION OF THE WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 3

12. Upon information and belief, at or about the time that Plaintiff was discharged on or about April 14, 2024, Defendant discharged approximately 14,000 other employees at the facility (the "other Similarly Situated Former Employees") without cause on their part.

13. On information and belief, Defendant exercised complete control over the labor decisions concerning Plaintiff and the Class Members' employment, including the decision to terminate their employment on or about April 14, 2024, respectively, and thereafter.

14. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 USC § 2102(b) or Cal. Lab. Code § 1402.5.

15. On information and belief, the decision to terminate Plaintiff and Class Members without providing proper WARN and California WARN notice was made by Defendant.

## **CLASS ACTION ALLEGATIONS -**

16. Plaintiff brings this action on her own behalf, and pursuant to the WARN Act, California WARN Act, Rules 23(a) and (b) of the Federal Rules of Civil Procedure, and as a representative action under PAGA on behalf of all other similarly situated former employees of Defendant who were terminated by Defendant on or about April 14, 2024, and thereafter.

17. Plaintiff brings this action on behalf of himself and all other similarly situated employees. Plaintiff seeks to represent a Class initially defined as:

> All of Defendant's employees who were terminated from employment at Defendant's' Facility on or around April 14, 2024, as part of a mass layoff or plant closing.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, ET SEQ.; VIOLATION OF THE WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 4

18. Plaintiff and proposed class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

19. Plaintiff and proposed class members were subjected to "plant closings" and/or "mass layoffs" as those terms are defined in the federal WARN Act, 29 U.S.C. § 210.

20. Plaintiff and the proposed class members are "employees" at a "covered establishment" subject to a "mass layoff" and/or "termination" as those terms are defined in the California WARN Act, California Labor Code § 1400(h), (a), (d) and (f), respectively.

21. On or about April 14, 2024. Defendant terminated Plaintiff's employment as defined by 29 U.S.C. § 2101 (a)(2), (3), for which she was entitled to receive sixty (60) days advance written notice under the WARN Act.

22. Defendant failed to give Plaintiff the statutorily required sixty (60) days advanced written notice as required.

23. Upon information and belief, at or about the time that Plaintiff was discharged on or about April 14, 2024, Defendant discharged approximately 14,000 Other Similarly Situated Former Employees at the Facility without cause on their part.

24. Common questions of law and fact are applicable to all the members of the Class.

25. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class: whether all Class members enjoyed the protection of the WARN Act and California WARN Act; whether Defendants' employee terminations on or about November 30, 2016, constitute "plant closings," "terminations," and/or "mass layoffs" under the WARN Act; whether

CLASS ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, ET SEQ.; VIOLATION OF THE WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 5

Defendants failed to provide the notices required by the WARN Act (29 U.S.C. § 2102(b) and California WARN Act (Cal. Labor Code § 1401); and the appropriate formulae to measure damages under the WARN Act and California WARN Act.

26. The question of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

27. Plaintiff's claims are typical of the claims of other members of the Class in that, for each of the several acts described above, Plaintiff and the Class are, or were, an injured party.

28. Plaintiff will fairly and adequately protect and represent the interests of the Class.

29. Plaintiff has the time and resources to prosecute this action and has retained counsel who have extensive experience in matters involving employee rights, the WARN Act, and class action litigation.

30. The Class is so numerous as to render joinder of all members impracticable as there are approximately 14,000 persons who are included in the Class.

31. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

32. The Class meets the requirements of Fed. R. Civ. P 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Concentrating all the potential litigation concerning the rights of the Class members in this court with avoid a multiplicity of suits, will conserve judicial resources and the

resources of the parties, and is the most efficient means of resolving the rights of all the Class members.

34. On information and belief, the identity of the Class members is contained in the books and records of Defendant.

35. Further, class action treatment of this action is authorized and appropriate under the WARN Act (29 U.S.C. § 2104(a)(5)) and California WARN Act ( Cal. Labor Code § 1404), which provide that a plaintiff seeking to enforce liabilities under the WARN Act may sue either on behalf of his or her self, for other persons similarly situated, or both

36. As a result of Defendant's violation of the WARN Act and California WARN Act, Plaintiff and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their termination; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of the WARN ACT, 29 USC §§ 2101, *et seq.*

37. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

38.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

39.     At all relevant times, Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1), 20 C.F.R. § 639(a), and continued to operate as a business until it ordered terminations at the Facility.

40.     Defendant constituted a "single employer" of Plaintiff and Class members under the WARN Act.

41.     On or about April 14, 2024, Defendant as a single employer ordered termination at the Facility.

42.     The Termination at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendant's employees at the Facility as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act. 29 U.S.C. § 2101(a)(8).

43.     Plaintiff and each of the members of the Class were discharged by Defendant without cause on their part, as part of or as the reasonably foreseeable result of the termination ordered by Defendant at the Facility.

44.     Plaintiff and each of the other members of the Class are "affected employees" of Defendant within the meaning of 29 U.S.C. §2101 (a)(5)

45.     Defendant was required by the WARN Act to give Plaintiff and each of the other members of the Class at least sixty (60) days advanced written notice of their termination.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, ET SEQ.; VIOLATION OF THE WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 8

46. Defendant failed to give Plaintiff and other members of the Class written notice that complied with the requirements of the WARN Act.

47. Plaintiff and each of the members of the Class are an "aggrieved employee" of Defendant as that term is defined in 29 U.S.C. §2104(a)(7).

48. Defendant failed to pay Plaintiff and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their termination.

## COUNT II

### Violation of the CALIFORNIA WARN ACT, Cal. Lab. Code § 1400, *et seq*.

49. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

50. Tesla is an "employer" within the meaning of the California WARN Act, Cal. Lab. Code § 1400, et. seq.

51. Tesla employed 75 or more persons within the preceding 12 months and is a "covered establishment" within the meaning of the California WARN Act, Cal. Lab. Code § 1400(a).

52. Plaintiff and those she seeks to represent were at all relevant times "employees" within the meaning of the Cal. Lab. Code § 1400(h). Pursuant to the California WARN Act, California Labor Code § 1400, et seq., "employee" is defined as any person employed for at least six months of the twelve months preceding the date on which notice is required. Plaintiff and

other Class Members were employed by Defendants for at least six months of the twelve months preceding the date on which the notice referred to herein was required.

53. The termination at the Facility constituted a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

54. The California WARN Act requires employers to provide 60-days' notice of any mass layoff, relocation, or termination to "the employees of the covered establishment covered by the order" under Cal. Lab. Code §1401(a)(1).

55. On information and belief, prior to April 14, 2024, Defendant did not give any prior written notice of the layoff, mass layoff, or termination to any "employee," including Plaintiff and those she seeks to represent, as that term is defined in Cal. Lab. Code § 1400(b).

56. Defendant violated the California WARN Act by failing to give timely written notice of the mass layoff as required by Cal. Lab. Code § 1401, which began on or about April 9, 2024. On information and belief, Tesla did not notify the State of California, Employment Development Department, or the chief elected officials of the city or county as required by Cal. Lab. Code § 1401in advance of the "mass layoff" or "termination."

57. As such, Plaintiff and those she seeks to represent are "employee[s]" within the meaning of the Cal. Lab. Code § 1400(h).

58. The California WARN Act expressly permits a person to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of Cal. Lab. Code § 1404.44.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, ET SEQ.; VIOLATION OF THE WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 10

59. Moreover, Defendant's violations of the California WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at Cal. Lab. Code § 1401.

## COUNT III

### Penalties under the Private Attorneys General Section 2699(a)

60. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

61. Labor Code § 2699(a) provides: Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought be an aggrieved employee on behalf of himself or herself and other current or former employees.

62. Labor Code § 1401, et seq. provides in relevant part:

(a) An employer may not order a mass layoff, relocation, or termination at a covered establishment unless, 60 days before the order takes effect, the employer gives written notice of the order to the following:

(1) The employees of the covered establishment affected by the order.

(2) The Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the termination, relocation, or mass layoff occurs.

(b) An employer required to give notice of any mass layoff, relocation, or termination under this chapter shall include in its notice the elements required by the federal Worker Adjustment and Retraining Notification Act (29 U.S.C. Sec. 2101 et seq.).

63. Labor Code §1402 provides:

(a) An employer who fails to give notice as required by paragraph (1) of subdivision (a) of Section 1401 before ordering a mass layoff, relocation, or termination is liable to each employee entitled to notice who lost his or her employment for:

(1) Back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher.

(2) The value of the cost of any benefits to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan.

(b) Liability under this section is calculated for the period of the employer's violation, up to a maximum of 60 days, or one-half the number of days that the employee was employed by the employer, whichever period is smaller.

64. Plaintiff and all aggrieved employees seek civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to timely provide written notice.

65. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the Labor and Workforce Development Agency ("LWDA") with notice of her intention to file this claim. The time period has elapsed for the LWDA to respond, without any notice to Plaintiff. Plaintiff has satisfied the administrative prerequisites to commence this civil action.

66. Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and herself as set forth in Labor Code § 2699(h).

67. Defendant is liable to Plaintiff, all aggrieved employees, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff and all aggrieved employees are also entitled to an award of attorneys' fees and costs as set forth below.

68. Wherefore, Plaintiff and all aggrieved employees pray for relief as set forth below.

# COUNT IV

## Penalties under the Private Attorneys General Section 2699(f)

69. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

70. Labor Code § 2699(f) provides: For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation[.]

71. To the extent than any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for each pay period in which Plaintiff was aggrieved, in the amounts established by Labor Code § 2699(f).

72. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the LWDA with notice of their intention to file this claim. The time period has elapsed for the LWDA to respond, without any notice to Plaintiff. Plaintiff has satisfied the administrative prerequisites to commence this civil action.

73. Plaintiff and all aggrieved employees seek the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Labor Code § 2699(h).

74. Defendant is liable to Plaintiff, all aggrieved employees, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.

75. Plaintiff and all aggrieved employees are also entitled to an award of attorneys' fees and costs as set forth below.

76. Wherefore, Plaintiff and all aggrieved employees pray for relief as set forth below.

WHEREFORE, Plaintiff and Class members demand judgment, against Defendant as follows:

    a.    An amount equal to the sum of unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension, and 401(k).contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plan that coverage continued for that period, all determined following the WARN Act and California WARN Act;

    b.    Certification that, pursuant to Fed. R. Civ. P. 23(a) and (b) and the WARN Act, 29 U.S.C. §2104(a)(5), and the California WARN Act, Plaintiff and the Class Members constitute a single class;

    c.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

    d.    Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for their services as such;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6) and California WARN Act; and

g. Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

A jury trial is demanded by Plaintiff on all claims so triable.

Dated this 27th day of June, 2024.

/s/ *Daniel Feder*
Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Eric Lechtzin (SBN 248958)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

CLASS ACTION COMPLAINT FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, ET SEQ.; VIOLATION OF THE WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 15