Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Eric Lechtzin (SBN 248958)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LANE CHIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>　　　　Defendant. | Case No.: 3:24-cv-03873-AMO<br><br>***FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699*** |

Sharon Lane Chin ("Plaintiff"), by way of Complaint against Tesla, Inc. ("Tesla" or "Defendant") by and through her counsel alleges as follows:

1.　　This is a Complaint brought under the California Worker Adjustment and Retraining Notification Act, Cal. Lab. Code § 1400, *et seq.* ("the California WARN Act"), by the Plaintiff against Defendant Tesla, her employer for California WARN Act purposes. This Action is also brought pursuant to the California Private Attorneys General Act ("PAGA") § 2699 for penalties arising from Defendant's violation of the Labor Code.

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 1

2. Plaintiff was an employee of Defendant Tesla, Inc., pursuant to the WARN Act's single employer rule.

3. Plaintiff was terminated as part of, or as a result of a mass layoff and plant closings, under federal and California law (hereinafter, "Plant Closings"), ordered by the Defendant on or about April 14, 2024, and thereafter.

4. Defendant violated the California WARN Act by failing to give Plaintiff at least 60 days' advance written notice of termination, as required. As a consequence, Plaintiff is entitled under the WARN Act to recover from Defendant her wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this proceeding under 28 USC § 1332 based on diversity because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

6. This Court has personal jurisdiction over Defendant because it is registered to do business in the State of California, it regularly conducts business in California, and has sufficient contacts in California.

7. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

8. Plaintiff Sharon Lane Chin, an adult resident and citizen of Alameda County, California, was employed by Tesla, Inc., a single employer under the WARN Act, and worked at

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 2

the Tesla manufacturing plant in Dublin, California as a Parts Advisor until her termination on or about April 19, 2024. Pursuant to the California WARN Act, California Labor Code § 1400, *et seq.*, "employee" is defined as any person employed for at least six months of the twelve months preceding the date on which notice is required. Plaintiff was employed by Defendant for at least six months of the twelve months preceding the date on which the notice referred to herein was required.

9. Defendant Tesla, Inc. is a Delaware corporation that maintains its principal executive offices and corporate headquarters at 1 Tesla Road, Austin, Texas. Defendant has, at all relevant times, maintained engineering and manufacturing facilities in Dublin, California, Fremont, California, Palo Alto, California and Lathrop, California (the "Facilities").

## SUBSTANTIVE ALLEGATIONS

10. Until her termination by Defendant, Plaintiff and other similarly situated persons were employees of Defendant who worked at or reported to the Facilities and who were terminated as part of or as a reasonably foreseeable result of mass layoffs ordered and carried out by Defendant on or about April 14, 2024, and thereafter.

11. Upon information and belief, Defendant, as a single employer, owned and operated the Facilities at all times relevant to this action.

12. On or about April 14, 2024, and thereafter, Defendant, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of more than 10% of its employees who worked at or reported to the Facilities as part of plant closings for which they were entitled to receive 60 days advance written notice.

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 3

13. Upon information and belief, at or about the time that Plaintiff was discharged on or about April 14, 2024, Defendant discharged approximately 14,000 other employees at the Facilities (the "other Similarly Situated Former Employees") without cause on their part.

14. On information and belief, Defendant exercised complete control over the labor decisions concerning Plaintiff's employment, including the decision to terminate her employment on or about April 14, 2024, respectively, and thereafter.

15. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in Cal. Lab. Code § 1402.5.

16. On information and belief, the decision to terminate Plaintiff and other Similarly Situated Former Employees without providing proper California WARN notice was made by Defendant.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of the CALIFORNIA WARN ACT, Cal. Lab. Code § 1400, *et seq*.

17. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

18. Tesla is an "employer" within the meaning of the California WARN Act, Cal. Lab. Code § 1400, *et seq*.

19. Tesla employed 75 or more persons in the State of California within the preceding 12 months and is a "covered establishment" within the meaning of the California WARN Act, Cal. Lab. Code § 1400(a).

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 4

20. Plaintiff and other Similarly Situated Former Employees were at all relevant times "employees" within the meaning of the Cal. Lab. Code § 1400(h). Pursuant to the California WARN Act, California Labor Code § 1400, *et seq.*, "employee" is defined as any person employed for at least six months of the twelve months preceding the date on which notice is required. Plaintiff and other Similarly Situated Former Employees were employed by Defendant in California for at least six months of the twelve months preceding the date on which the notice referred to herein was required.

21. The terminations at the Facilities constituted a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

22. The California WARN Act requires employers to provide 60-days' notice of any mass layoff, relocation, or termination to "the employees of the covered establishment covered by the order" under Cal. Lab. Code §1401(a)(1).

23. On information and belief, prior to April 14, 2024, Defendant did not give any prior written notice of the layoff, mass layoff, or termination to any "employee," including Plaintiff and other Similarly Situated Former Employees, as that term is defined in Cal. Lab. Code § 1400(b).

24. Defendant violated the California WARN Act by failing to give timely written notice of the mass layoff as required by Cal. Lab. Code § 1401, which began on or about April 9, 2024. On information and belief, Tesla did not notify the State of California, Employment

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 5

Development Department, or the chief elected officials of the city or county as required by Cal. Lab. Code § 1401 in advance of the "mass layoff" or "termination."

25. As such, Plaintiff and other Similarly Situated Former Employees are "employee[s]" within the meaning of the Cal. Lab. Code § 1400(h).

26. The California WARN Act expressly permits a person to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of Cal. Lab. Code § 1404.44.

27. Moreover, Defendant's violations of the California WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at Cal. Lab. Code § 1401.

## COUNT II

### Penalties under the Private Attorneys General Section 2699(a)

28. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

29. Labor Code § 2699(a) provides: Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought be an aggrieved employee on behalf of himself or herself and other current or former employees.

30. Labor Code § 1401, *et seq.* provides in relevant part:

    (a) An employer may not order a mass layoff, relocation, or termination at a covered establishment unless, 60 days before the order takes effect, the employer gives written notice of the order to the following:

    (1) The employees of the covered establishment affected by the order.

    (2) The Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the termination, relocation, or mass layoff occurs.

    (b) An employer required to give notice of any mass layoff, relocation, or termination under this chapter shall include in its notice the elements required by the federal Worker Adjustment and Retraining Notification Act (29 U.S.C. Sec. 2101 et seq.).

31. Labor Code §1402 provides:

(a) An employer who fails to give notice as required by paragraph (1) of subdivision (a) of Section 1401 before ordering a mass layoff, relocation, or termination is liable to each employee entitled to notice who lost his or her employment for:

    (1) Back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher.

    (2) The value of the cost of any benefits to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan.

(b) Liability under this section is calculated for the period of the employer's violation, up to a maximum of 60 days, or one-half the number of days that the employee was employed by the employer, whichever period is smaller.

32. Plaintiff and all aggrieved employees seek civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to timely provide written notice.

33. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the Labor and Workforce Development Agency ("LWDA") with notice of her intention to file this claim.

The time period has elapsed for the LWDA to respond, without any notice to Plaintiff. Plaintiff has satisfied the administrative prerequisites to commence this civil action.

34. Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and herself as set forth in Labor Code § 2699(h).

35. Defendant is liable to Plaintiff, all aggrieved employees, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff and all aggrieved employees are also entitled to an award of attorneys' fees and costs as set forth below.

36. Wherefore, Plaintiff and all aggrieved employees pray for relief as set forth below.

## COUNT III

### Penalties under the Private Attorneys General Section 2699(f)

37. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

38. Labor Code § 2699(f) provides: For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation[.]

39. To the extent than any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for each

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 8

pay period in which Plaintiff was aggrieved, in the amounts established by Labor Code § 2699(f).

40. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the LWDA with notice of their intention to file this claim. The time period has elapsed for the LWDA to respond, without any notice to Plaintiff. Plaintiff has satisfied the administrative prerequisites to commence this civil action.

41. Plaintiff and all aggrieved employees seek the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Labor Code § 2699(h).

42. Defendant is liable to Plaintiff, all aggrieved employees, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.

43. Plaintiff and all aggrieved employees are also entitled to an award of attorneys' fees and costs as set forth below.

44. Wherefore, Plaintiff and all aggrieved employees pray for relief as set forth below.

WHEREFORE, Plaintiff demands judgment, against Defendant as follows:

    a. An amount equal to the sum of unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension, and other fringe benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plan that coverage continued for that period, all determined following the California WARN Act;

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 9

      b.      Interest as allowed by law on the amounts owed under the preceding paragraph;

      c.      The reasonable attorneys' fees and the costs and disbursements Plaintiff incurs in prosecuting this action, as authorized by the California WARN Act; and

      d.      Such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

A jury trial is demanded by Plaintiff on all claims so triable.

Dated this 30th day of August, 2024.

                                                        /s/Eric Lechtzin
Eric Lechtzin (SBN 248958)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

---

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE CALIFORNIA WARN ACT, CALIFORNIA LABOR CODE § 1400, ET SEQ.; AND VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 10