Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Eric Lechtzin (SBN 248958)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARON LANE CHIN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>　　　　　Defendant. | Case No.: 3:24-cv-03873-AMO<br><br>***SECOND AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699*** |

　　　　Sharon Lane Chin ("Plaintiff"), by way of Complaint against Tesla, Inc. ("Tesla" or "Defendant") by and through her counsel, alleges as follows:

　　　　1.　　This Action is brought pursuant to the California Private Attorneys General Act ("PAGA") § 2699 for penalties arising from Defendant's violation of the California Worker Adjustment and Retraining Notification Act, Cal. Lab. Code § 1400, *et seq*. ("the California WARN Act"), by Plaintiff against Defendant Tesla. Plaintiff does not assert individual or class claims.

　　　　2.　　Plaintiff was an employee of Defendant Tesla pursuant to the WARN Act's single employer rule.

SECOND AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 1

3. Plaintiff was terminated as part of, or as a result of, a mass layoff and plant closings, under California law (hereinafter, "Plant Closings"), ordered by Defendant on or about April 14, 2024, and thereafter.

4. Defendant violated the California WARN Act by failing to give Plaintiff and other aggrieved Tesla employees at least 60 days advance written notice of termination, as required. Consequently, Plaintiff is entitled to pursue penalties from Defendant under PAGA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this proceeding under 28 USC § 1332 based on diversity because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

6. This Court has personal jurisdiction over Defendant because it is registered to do business in the State of California, regularly conducts business in California and has sufficient contacts in California.

7. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

8. Plaintiff Sharon Lane Chin, an adult resident and citizen of Alameda County, California, was employed by Tesla, Inc., a single employer under the California WARN Act, and worked at a Tesla plant in Dublin, California, as a Parts Advisor until her termination on or about April 14, 2024. Pursuant to the California WARN Act, Cal. Lab. Code § 1400, *et seq.*, "employee" is defined as any person employed for at least six months of the twelve months preceding the date on which notice is required. Plaintiff was employed by Defendant for at least six months of the twelve months preceding the date on which the notice referred to herein was required.

9. Defendant Tesla, Inc. is a Delaware corporation that maintains its principal executive offices and corporate headquarters at 1 Tesla Road, Austin, Texas. Defendant has, at

all relevant times, maintained design, engineering, manufacturing, retail, and other operations at facilities located throughout California, including Dublin, California; Fremont, California; Palo Alto, California; and Lathrop, California (the "Facilities").

10. Tesla is an "employer" within the meaning of the California WARN Act.

11. Tesla employed 75 or more persons in the State of California within the preceding 12 months and is a "covered establishment" within the meaning of the California WARN Act, Cal. Lab. Code § 1400(a).

12. The Tesla Facilities, referred to above, constitute a single covered establishment for purposes of the California WARN Act as they share: common ownership by Tesla; common management by Tesla, which exercises complete control over such Facilities; common and centralized control of labor relations, including having uniform employment policies, pay scales, payrolls, workers' compensation, and employee health benefits; and interrelation and dependency of operations and Facilities. Thus, at all times relevant to this action, the Facilities operated as a single covered establishment for purposes of the California WARN Act.

## SUBSTANTIVE ALLEGATIONS

13. Until her termination by Defendant, Plaintiff and other employees of Defendant worked at or reported to the Facilities.

14. Plaintiff and other employees of Defendant were terminated as part of or as a reasonably foreseeable result of a mass layoff ordered and carried out by Defendant on or about April 14, 2024, and thereafter.

15. Upon information and belief, Defendant, as a single employer, owned and operated the Facilities at all times relevant to this action.

16. On or about April 14, 2024, and thereafter, Defendant, as a single employer, ordered the termination of Plaintiff's employment together with the termination of more than 10% of Defendant's employees who worked at or reported to the Facilities as part of plant closings for which they were entitled to receive 60 days advance written notice.

17. Upon information and belief, at or about the time that Plaintiff was discharged, on or about April 14, 2024, Defendant discharged approximately 14,000 other employees at the Facilities (the "Former Employees") without cause on their part.

18. On information and belief, Defendant exercised complete control over the labor decisions concerning Plaintiff's employment, including the decision to terminate her employment on or about April 14, 2024, respectively, and thereafter.

19. Plaintiff and other Former Employees were at all relevant times "employees" of Defendant within the meaning of the Cal. Lab. Code § 1400(h).

20. Pursuant to the California WARN Act, "employee" is defined as any person employed for at least six months of the twelve months preceding the date on which notice is required. Plaintiff and other aggrieved Former Employees were employed by Defendant in California for at least six months of the twelve months preceding the date on which the notice referred to herein was required.

21. The terminations of employment at the Facilities constituted a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. On information and belief, the shutdown will last longer than 30 days.

22. The California WARN Act requires employers to provide 60 days' notice of any mass layoff, relocation, or termination to "the employees of the covered establishment covered by the order" under Cal. Lab. Code § 1401(a)(1).

23. On information and belief, prior to April 14, 2024, Defendant did not give any advance written notice of the layoff, mass layoff, or termination to any "employee," including Plaintiff and other aggrieved Former Employees, as that term is defined in Cal. Lab. Code § 1400(b).

24. Upon information and belief, no circumstances existed that would have permitted Defendant to reduce the notification period as provided in Cal. Lab. Code § 1402.5.

SECOND AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 4

25. On information and belief, the decision to terminate Plaintiff and the other Former Employees without providing proper California WARN notice was made by Defendant.

26. Defendant violated the California WARN Act by failing to give timely written notice of the mass layoff as required by Cal. Lab. Code § 1401, which began on or about April 9, 2024. On information and belief, Tesla did not notify the State of California, Employment Development Department, or the chief elected officials of the city or county as required by Cal. Lab. Code § 1401 in advance of the "mass layoff" or "termination."

27. Defendant's violations of the California WARN Act were not in good faith, and Defendant had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at Cal. Lab. Code § 1401.

## **CLAIMS FOR RELIEF**

## **COUNT I**

### **Penalties under the Private Attorneys General Section 2699(a)**

28. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

29. Cal. Lab. Code § 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees against whom a violation of the same provision was committed…"

30. Cal. Lab. Code § 1401, *et seq.*, provides in relevant part:

(a) An employer may not order a mass layoff, relocation, or termination at a covered establishment unless, 60 days before the order takes effect, the employer gives written notice of the order to the following:

   (1) The employees of the covered establishment affected by the order.

   (2) The Employment Development Department, the local workforce investment board, and the chief elected official of each city and county

SECOND AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 5

government within which the termination, relocation, or mass layoff occurs.

(b) An employer required to give notice of any mass layoff, relocation, or termination under this chapter shall include in its notice the elements required by the federal Worker Adjustment and Retraining Notification Act (29 U.S.C. Sec. 2101 et seq.).

31. Cal. Lab. Code §1402 provides in relevant part:

(a) An employer who fails to give notice as required by paragraph (1) of subdivision (a) of Section 1401 before ordering a mass layoff, relocation, or termination is liable to each employee entitled to notice who lost his or her employment for:

(1) Back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher.

(2) The value of the cost of any benefits to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan.

(b) Liability under this section is calculated for the period of the employer's violation, up to a maximum of 60 days, or one-half the number of days that the employee was employed by the employer, whichever period is smaller.

32. Plaintiff and all aggrieved employees seek civil penalties pursuant to Cal. Lab. Code § 2699(a) for each failure by Defendant, alleged above, to provide timely written notice.

33. Pursuant to Cal. Lab. Code § 2699.3(a)(1) and (2), Plaintiff has provided the Labor and Workforce Development Agency ("LWDA") with notice of her intention to file this claim. The time period has elapsed for the LWDA to respond, without any notice to Plaintiff. Plaintiff has satisfied the administrative prerequisites to commence this civil action.

34. Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and herself as set forth in Cal. Lab. Code § 2699(h).

35. Defendant is liable to Plaintiff, all aggrieved employees, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff and all aggrieved employees are also entitled to an award of attorneys' fees and costs as set forth below.

SECOND AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT, § 2699 - 6

36. Wherefore, Plaintiff and all aggrieved employees pray for relief as set forth below.

## COUNT II

### Penalties under the Private Attorneys General Section 2699(f)

37. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

38. Cal. Lab. Code § 2699(f) provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

39. To the extent that any violation alleged herein does not carry penalties under Cal. Lab. Code § 2699(a), Plaintiff seeks civil penalties pursuant to Cal. Lab. Code § 2699(f) for each pay period in which Plaintiff was aggrieved, in the amounts established by Cal. Lab. Code § 2699(f).

40. Pursuant to Cal. Lab. Code § 2699.3(a)(1) and (2), Plaintiff has provided the LWDA with notice of her intention to file this claim. The time period has elapsed for the LWDA to respond, without any notice to Plaintiff. Plaintiff has satisfied the administrative prerequisites to commence this civil action.

41. Plaintiff and all aggrieved employees seek the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Cal. Lab. Code § 2699(h).

42. Defendant is liable to Plaintiff, all aggrieved employees, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.

43. Plaintiff and all aggrieved employees are also entitled to an award of attorneys' fees and costs as set forth below.

44. Wherefore, Plaintiff and all aggrieved employees pray for relief as set forth below.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. An award to Plaintiff, all aggrieved employees, and the State of California of civil penalties pursuant to Cal. Lab. Code § 2699(a) and (h), with interest thereon, for each failure by Defendant to timely provide written notice;

    b. The reasonable attorneys' fees and the costs and disbursements Plaintiff incurs in prosecuting this action; and

    c. Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

A jury trial is demanded by Plaintiff on all claims so triable.

Dated this 8th day of November 2024.

/s/Eric Lechtzin
Eric Lechtzin (SBN 248958)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com