MORGAN, LEWIS & BOCKIUS LLP
Kathryn T. McGuigan, SBN 232112
kathryn.mcguigan@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Anna M. Robshaw, SBN 317953
anna.robshaw@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Tel: +1.713.890.5000
Fax: +1.713.890.5001

Attorneys for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LANE CHIN,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>TESLA, INC.,<br><br>　　　　　　Defendant. | Case No. 3:24-cv-03873-AMO<br><br>**DEFENDANT'S BRIEF REGARDING SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**<br><br>Date: April 17, 2025<br>Time: 2:00 pm<br>Courtroom: 10 / San Francisco Courthouse<br>　　　　(via Zoom videoconference) |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:24-CV-03873-AMO
DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY

Defendant Tesla, Inc. ("Tesla") files this brief pursuant to the Court's April 3, 2025 Order (ECF 32) in support of Tesla's Motion to Compel Arbitration (ECF 25).

On December 30, 2024, the California Court of Appeal in *Leeper v. Shipt, Inc.* held that "[b]ased on the unambiguous, ordinary meaning of the relevant statutory language and the legislative history of that language, […] we conclude that every PAGA action necessarily includes in individual PAGA claim." 107 Cal.App.5th 1001, 1004 (2024). The *Leeper* plaintiff "alleged a single count for '[PAGA] non-individual penalties'" which she argued could not be compelled to arbitration. *Id*. at 1006. The Court of Appeal reversed the trial court's order denying the employer's motion to compel arbitration, holding that "based on the unambiguous language in [Labor Code] section 2699[(a)], any PAGA action necessarily includes both an individual PAGA claim and a representative PAGA claim." *Id*. at 1009. Because, as in the instant case, the plaintiff's individual PAGA claim fell within the scope of the arbitration agreement, the Court of Appeal ordered that claim to arbitration and held that the Code of Civil Procedure "requires" a stay of the representative PAGA litigation. *Id*. at 1012–13. *Leeper* therefore supports Tesla's Motion to Compel Arbitration.

On February 26, 2025, another District of the Court of Appeal found that under its interpretation of the specific complaint and arbitration agreement at issue in that case, the plaintiff had not brought an arbitrable individual PAGA claim. *See Rodriguez,* 109 Cal.App.5th 69, at *5 (2025). The Court of Appeal added: "Whether it is permissible for a plaintiff to file a complaint that asserts only non-individual PAGA claims is a different question, **one that we do not address** because it is not among the issues presented by this appeal." *Id*. (emphasis added). The Court of Appeal also discussed *Leeper*, and disagreed with the conclusion that all PAGA actions inherently include an individual PAGA claim but "reserve[d] for another day" the question of whether "a PAGA action *must* include an individual PAGA claim […]." *Id*.

1

CASE NO. 3:24-CV-03873-AMO
DEFENDANT'S BRIEF REGARDING
SUPPLEMENTAL AUTHORITY IN SUPPORT
OF ITS MOTION TO COMPEL ARBITRATION

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

Importantly, the employer did not argue (as Tesla does here) that the parties' arbitration agreement required their dispute over whether the plaintiff personally suffered a Labor Code violation be resolved in arbitration, ***even if*** the plaintiff was not seeking any individual relief and did not allege an individual PAGA claim. Because *Rodriguez* did not consider Tesla's arguments here, it is inapposite and does not dictate the outcome. *See McConnell v. Advantest Am., Inc.*, 92 Cal.App.5th 596, 611 (2023) ("A case is not authority for a proposition not considered therein or an issue not presented by its own particular facts."); *Mercury Ins. Group v. Superior Court*, 19 Cal.4th 332, 348 (1998) ("A decision, of course, is not authority for what it does not consider.").

While *Leeper* and *Rodriguez* disagree as to whether a PAGA action *necessarily* includes an individual PAGA claim, *Leeper* represents the better-reasoned analysis of PAGA's language and legislative history, as a judge in the Alameda County Superior Court recently found. *See* Exhibit A (uncontested Tentative Ruling finding "*Leeper* to be the more persuasive case and opt[ing] to follow the decision in *Leeper*, not *Rodriguez*."). Whether or not a PAGA action necessarily includes an individual PAGA *claim* regardless of how it is pled, here, Plaintiff's Second Amended Complaint raises a *dispute* that falls within the scope of the "disputes" required to be arbitrated under the Mutual Arbitration Agreement, as set forth in Tesla's Motion to Compel Arbitration and Reply (ECF 25; 29).

Dated: April 7, 2025

MORGAN, LEWIS & BOCKIUS LLP

By  /s/ Kathryn McGuigan
    Kathryn McGuigan
    Anna M. Robshaw
    Attorneys for Defendant
    TESLA, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CASE NO. 3:24-CV-03873-AMO
DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY